UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MONTECARLO PROPERTIES, LLC | * | CIVIL ACTION NO. 3:23-cv-01339 |
| Plaintiff | * | |
| VERSUS | * | |
| | * | JUDGE SHELLY D. DICK |
| SAFEPOINT INSURANCE COMPANY | * | |
| Defendant | * | MAGISTRATE RICHARD L. BOURGEOIS, JR. |

* * * * * * * * * * * * * * * * * * * *

## SECOND AMENDED NOTICE OF REMOVAL

TO: The Honorable Judges and The Honorable Clerk of this Court
United States District Court
Middle District of Louisiana

NOW INTO COURT, through undersigned counsel, comes SafePoint Insurance Company (hereinafter referred to as "SafePoint"), sought to be made defendant in this matter, who, on reserving all rights and defenses including, but not limited to, all defenses contained in Rule 12 of the Federal Rules of Civil Procedure and/or the Louisiana Code of Civil Procedure, respectfully represents that it desires to remove this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, and that removal on the grounds of diversity of citizenship is proper for the reasons stated below:

1.

This action arises out of an insurance claim for which plaintiff, Monte Carlo Properties, LLC, a limited liability company licensed to do and doing business in the State of Louisiana, has claimed that SafePoint has unreasonably refused to pay benefits to its insured and unreasonably

delayed payment of such claims, and seeks payments under the policy and under Louisiana statutory law for loss of use of property, repair and remediation expenses, loss of income, content damages, attorney's fees, and costs of litigation.

2.

Plaintiff is the owner of the property located at 612-614 27th Street, Kenner, Louisiana. SafePoint contends that it has paid all amounts due for which satisfactory proof of loss has been provided.

3.

Pursuant to the Petition for Damages, Plaintiff is a Louisiana Limited Liability Company. See Petition for Damages at paragraph 1.

4.

Records filed with the Louisiana Secretary of State affirm that Plaintiff's domiciliary address is 20 Monte Carlo Drive, Kenner, Louisiana. A certified copy of the certificate is attached hereto as Exhibit "D".

5.

Records filed with the Louisiana Secretary of State further affirm that Plaintiff has two registered agents, and one Officer. The registered agents, Robert DeFrancesch and Maria Defrancesh, bear the same address as Plaintiff. Plaintiff's Officer, Maria Defrancesh, also bears the same address as Plaintiff in her capacity as an Officer of Plaintiff.

6.

Research publicly available indicates that Maria Defrancesh is a former Kenner councilwoman and is still domiciled in Kenner, Louisiana.

7.

Undersigned counsel confirmed via telephone with counsel for Plaintiff that the members of Plaintiff are Robert Defrancesh and Maria Defrancesh, and that both are domiciled in Louisiana.

8.

Plaintiff instituted this proceeding on or about August 28, 2023 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled "*Montecarlo Properties, LLC versus SafePoint Insurance Company*" Case No. 736669, Division "C". A copy of the pleadings from the 19th Judicial District Court for the Parish of East Baton Rouge are attached hereto as Exhibit "A".

9.

As alleged in the Petition, SafePoint is a foreign insurance company authorized to do and doing business in the State of Louisiana with its domicile in the State of Florida (Exhibit "B"). Specifically, SafePoint's State of Incorporation is Florida. Further, SafePoint's principal place of business is Florida as its headquarters and "nerve center" are located in Florida. As a result, SafePoint is domiciled in the State of Florida.

10.

SafePoint was served with the Petition for Damages on August 30, 2023. Therefore, this Notice of Removal is timely as it is filed within thirty (30) days of service of process of the Petition on SafePoint in compliance with 28 U.S.C. § 1446 (b). This Notice of Removal is filed less than one (1) year after commencement of the action in State Court.

11.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as the claims are between citizens of different States and 28 U.S.C. § 1441(a) and (b). There is complete diversity as to all

properly joined parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12.

Venue is proper pursuant to 28 U.S.C. § 1391 as an action may be brought against a foreign insurer in East Baton Rouge Parish.

13.

Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" are all pleadings filed in the record of the State Court.

14.

Plaintiff is alleged to be domiciled in the State of Louisiana. *See* Petition for Damages at paragraph 1.

15.

SafePoint is a foreign insurer incorporated under the laws of the State of Florida with its headquarters and "nerve center" in Florida. *See* attached Exhibit "B". 28 U.S.C. § 1332 (c)(1). As a result, SafePoint's State of Incorporation is Florida and SafePoint's principal place of business is Florida. Therefore, SafePoint is domiciled in Florida.

16.

In accordance with Louisiana law, the Petition for Damages does not specify an amount of damages. Plaintiff does not allege that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. P. Art. 893A(l).

17.

SafePoint denies that any amounts are due under the policy, and further denies that it acted in bad faith or in an arbitrary, capricious manner. Nevertheless, the amounts sought by Plaintiff is

properly considered for purposes of determining the amount in controversy. *See Daniels v. Metropolitan Prop. & Cas. Ins. Co.,* No. 03-1900, 2003 WL 22038371 (E.D. La. Aug. 15, 2003).

18.

The United States Fifth Circuit has found that penalties, statutory damages and punitive damages are to be included in ascertaining the amount in controversy. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3rd 1250 (5th Cir. 1998). Relying on this precedent, Louisiana District Courts have included penalties sought under both La. R.S. 22:1892 and La. R.S. 22:1973 to ascertain the amount in controversy. *See also Pardue v. River Thames Ins. Co.,* 651 F.Supp 143, 144 (M.D. La. 1986) (penalties for arbitrary and capricious non-payment of insurance claims included when calculating jurisdictional amount in controversy).

19.

Considering the various damages sought in this matter for this property loss as well as the amounts sought through claims of unreasonable claims practices, the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs.

20.

For the reasons stated above, SafePoint desires and is entitled to have this cause removed from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to be in the United States District Court, for the Middle District of Louisiana, the district where the suit is pending.

21.

The prerequisites for removal under 28 U.S.C. § 1441 have been met.

22.

Promptly upon serving this Notice of Removal, written notice thereof is being given to the adverse parties as required by law. *See* Notice of Filing of Notice of Removal attached as Exhibit "C".

23.

SafePoint files this Notice of Removal without waiving any defenses available to it including, but not limited to, defenses available to it under the subject insurance policy and/or Rule 12 of the Federal Rules of Civil Procedure and/or Louisiana Code of Civil Procedure.

24.

SafePoint presents herewith the sum of $402.00 as required by 28 U.S.C. § 1446.

25.

The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the Middle District of Louisiana.

WHEREFORE, defendant SafePoint Insurance Company hereby files this Notice of Removal and removes this civil action to the United States District Court for the Middle District of Louisiana. Plaintiff is notified to proceed no further in the state court case unless this case should be remanded by Order of the United States District Court.

This 9th day of November, 2023.

Respectfully submitted,

*/s/ Rachel L. Flarity*
**MATTHEW D. MONSON (25186)**
**JOHN C. HENRY (18948)**
**RACHEL L. FLARITY (33131)**
**JOHN D. MINEO, IV (36587)**
**ERIN W. BERGGREN (37551)**
**LAUREN A. LAM (37758)**
**KYLE C. MATTHIAS (38338)**
**ROWAN W. STOEHR (39061)**
**AUSTIN T. WELCH (40100)**
**THE MONSON LAW FIRM, LLC**
5 Sanctuary Blvd., Ste. 101
Mandeville, Louisiana 70471
Telephone:   (985) 778-0678
Facsimile:   (985) 778-0682
*Email:  Rachel@MonsonFirm.com*
***Counsel for Defendant, SafePoint Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to CM/ECF participating parties. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participating parties.

*/s/ Rachel L. Flarity*